PER CURIAM.
This is an appeal from a judgment of the Tax Court affirming the tax assessment of plaintiff’s property for 1984 pursuant to the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq.
*332 The property consists of 56.56 acres and was purchased by plaintiff in 1981 for $325,000. It was then located in a one-acre residential zone. Plaintiff secured preliminary subdivision approval in 1981 for 24 one-acre lots and a remaining lot of 27 acres, but in 1984 the Cranbury Planning Board denied an application to extend that approval and it has now expired. In 1983, the property was rezoned and under the rezoning the only permitted uses are agriculture and single-family dwellings on a minimum of six acres. The amended zoning ordinance also provides for “transfer development rights.” The denial of the application to extend the preliminary subdivision approval and the validity of the amended zoning ordinance were both challenged in an action entitled Ochsner v. Cranbury Tp. Planning Bd., L-35405-84 P.W., which is now on an appeal to this court under Docket No. A-2146-84T7.
After the rezoning of his property and the denial of his application for an extension of the preliminary subdivision approval, plaintiff appealed to the Middlesex County Board of Taxation from the $18,000 assessment of his property, which had resulted in a tax obligation of $407.70 for 1984. The county board affirmed the assessment and this action was then filed in the Tax Court. The case was heard by Judge Andrew on cross motions for summary judgment.
The only argument presented by plaintiff in support of the motion was that his property had been rendered useless by the rezoning and that it should therefore be assessed at zero. Plaintiff submitted no affidavit of a valuation expert to support this claim, but rather relied solely on the face of the ordinance. When the trial judge stated that valuation was a factual question and suggested that the cross motions for summary judgment would both be denied, counsel for plaintiff stated:
If your Honor is going to deny the motion for summary judgment, I am not intending to proceed by way of a proof case as to value, and ... I would ask that your Honor affirm the assessment____
In response counsel for Cranbury suggested a procedure for concluding the case at the trial level:
*333 [I]f the Township and Mr. Litwin were to stipulate as to the correctness of the procedures followed by the assessor in applying the Farmland Assessment Act, and then the Court were to decide, based on that stipulation, that the assessment were correct, that would seem to me to short circuit the necessity of a full valuation hearing, and it would preserve Mr. Litwin’s right to appeal.
This procedure apparently was agreed upon since the trial judge denied the cross motions on the record and subsequently entered a “final judgment” which not only recited the denials of the cross motions but also provided:
Based upon the stipulation of the parties as to the correctness of the assessor’s action in assessing the subject property, the assessment of $18,000 is affirmed and the Clerk of the Tax Court is directed to issue a judgment affirming the Middlesex County Board judgment for the tax year 1984.
On appeal plaintiff continues to argue that as a result of the rezoning his property has no value and should have been assessed at zero. He also argues that the trial court erred in not certifying the case as a class action.
We recognize that it is possible for zoning to prevent any reasonable use of property and thereby to destroy its economic value. See Morris Cty. Land, Improvement Co. v. Parsippany-Troy Hills Tp., 40 N.J. 539, 193 A.2d 232 (1963). However, the trial court properly noted that the value of land is a factual question. Therefore, any claim that zoning has reduced the value of land to nothing ordinarily would have to be supported by testimony from a valuation expert. Since plaintiff declined to present such proofs, his claim was properly rejected by the trial court.
We also note that Cranbury submitted an appraisal report to the trial judge which concluded that plaintiff’s property has a fair market value of $3,500 to $4,000 an acre. This, of course, is far more than the $320 an acre at which it was assessed under the Farmland Assessment Act. The trial judge thus properly concluded that the assessment accurately reflects the current use of the property.
The trial judge also properly declined to grant class action certification because there was no evidence that any *334 other member of the purported class of aggrieved taxpayers who plaintiff sought to represent had filed a timely tax appeal.
Affirmed.